# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Peter Joseph Tonkin | : | Case No. 24-14399 (AMC) |
| | : | |
| Debtor | : | |
| | : | |

## DEBTOR'S OBJECTION TO FIRST RESOURCE BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Peter Joseph Tonkin ("Debtor"), by and through his undersigned counsel, Smith Kane Holman, LLC, hereby files this Objection to the First Resource Bank's Motion for Relief from Automatic Stay (the "Motion"). In opposition to the Motion, the Debtor avers as follows:

### PRELIMINARY STATEMENT

1. Denied on the basis that the Motion is a written document, the terms of which speak for themselves. By way of further answer, the Debtor denies that the movant is entitled to the relief sought in the Motion.

2. Admitted in part, denied in part. It is admitted only that the Debtor has not made post-petition payments to Movant.[1] By way of further response, the Debtor contends that it would be improper for the Debtor to make payments to Movant on account of its claim—at most and per Movant's own assertions, a second-position undersecured claim—prior to confirmation of a plan of reorganization that establishes the amount of its secured claim and the payments to which it is entitled. The Debtor reserves the right to seek a determination under Bankruptcy Code 506 regarding the extent to which Movant's claim is secured and unsecured, including the possibility that Movant is wholly unsecured.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3. Denied as stated. The Debtor denies that he was required to pay any amount to Movant prior to confirmation. The Debtor further notes that there is nothing improper regarding his ordinary post-petition personal expenses, which have been fully disclosed in his monthly operating reports. Similarly, the Debtor's receipt of income from his business is a sign of his financial health, not impropriety or bad faith, and such income will fund a plan of reorganization.

4. Denied. This paragraph purports to quote from the Debtor's September 2025 MOR, a written document, which speaks for itself.

5. Denied. As explained in the response to paragraphs 2 and 3, the Debtor denies that he was required to pay any amount to Movant on account of its self-admitted undersecured claim prior to confirmation of a plan of reorganization.

6. Denied. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

## JURISDICTION AND VENUE

7. Denied. The allegations of this paragraph (including legal citations) constitute conclusions of law, to which no response is required.

## BACKGROUND

8. Admitted.

9. Denied. The allegations of this paragraph constitute conclusions of law, to which no response is required.

10. Admitted.

11. Admitted in part, denied in part. It is admitted only that Movant and Debtor executed a Note on or around September 6, 2023. The remaining allegations of this paragraph refer to the Note, a written document, the terms of which speak for themselves.

12. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. This paragraph also refers to the Mortgage, a written document, the terms of which speak for themselves.

13. Admitted in part, denied in part. It is admitted only that Movant filed a proof of claim (Claim No. 4) in the Debtor's case. The remaining allegations of this paragraph refer to this proof of claim, a written document, the terms of which speak for themselves.

14. Denied. The allegations of this paragraph refer to Movant's proof of claim, a written document, the terms of which speak for themselves.

15. Denied. The Debtor's Schedule A/B reflects that the Property has an estimated value of $1,500,000, but that no recent appraisal had been obtained when this case was filed.

16. Denied as stated. The allegations of this paragraph refer to filed proofs of claim, which are written documents, the terms of which speak for themselves. By way of further answer, the claim filed by the IRS is not a secured claim.

17. Denied as stated. The allegations of this paragraph constitute conclusions of law to which no response is required. This paragraph is further denied on the basis that it refers to filed proofs of claim, which are written documents, the terms of which speak for themselves. By way of further answer, there has yet to be a determination of the extent to which, if at all, Movant has a secured claim.

18. Admitted. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

19. Denied. This paragraph purports to quote from the Debtor's September 2025 MOR, a written document, the terms of which speak for themselves.

20.     Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

21.     Denied. This paragraph purports to quote from the Debtor's September 2025 MOR, a written document, the terms of which speak for themselves.

22.     Denied. This paragraph purports to quote from the Debtor's Schedule I, a written document, the terms of which speak for themselves.

23.     Denied. This paragraph purports to quote from the Debtor's September 2025 MOR, a written document, the terms of which speak for themselves.

24.     Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

25.     Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

26.     Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

27.     Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

28.     Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein. The Debtor denies that there is any evidence of his bad faith. The Debtor further denies that Movant is entitled to adequate protection on its self-admitted undersecured claim.

29.     Denied. This paragraph purports to quote from the Debtor's September 2025 MOR, a written document, the terms of which speak for themselves. By way of further response, the

Debtor denies that the listed personal expenses (for him and his dependent son), individually or in the aggregate, are inappropriate or unwarranted.

30. Denied. By way of further response, Debtor incorporates his answers to paragraphs 2, 3, and 29 as if set forth fully herein.

31. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

32. Denied. The Property is both the Debtor's primary residence and a source of income through occasional short-term rental of the Property.

33. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further response, the Property is a critical source of income that will partially fund a plan of reorganization, and the Debtor also has plans to use the Property for his business.

## **ARGUMENT**

34. Denied. The allegations of this paragraph (including legal citations) constitute conclusions of law to which no response is required. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

35. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

36. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

37. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

38. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

39. Denied as stated. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

40. Denied. This paragraph purports to quote from the Debtor's September 2025 MOR, a written document, the terms of which speak for themselves. By way of further answer, the Debtor denies Movant's characterization of a "default" in payment to Movant. Indeed, to the contrary, at this juncture of the case, there is no basis for the Debtor to pay an, at best, undersecured claim, and potentially a wholly unsecured claim.

41. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

42. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

43. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

44. Denied as stated. The Debtor denies that Movant is entitled to adequate protection. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

45. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further answer, the Debtor denies that Movant is entitled to the relief sought.

46. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required.

47. Denied as stated. The allegations of this paragraph constitute legal conclusions, to which no response is required. The Debtor denies that Movant is entitled to adequate protection.

48. Denied. The Debtor's Schedule A/B reflects that the Property has an estimated value of $1,500,000, but that no recent appraisal had been obtained when this case was filed.

49. Denied as stated. The Debtor denies that Movant is entitled to adequate protection.

50. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

51. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

52. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

53. Denied as stated. The allegations of this paragraph constitute legal conclusions, to which no response is required. The Debtor denies that Movant is entitled to adequate protection in the form of an equity cushion or otherwise.

54. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, and 29 as if set forth fully herein.

55. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

56. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

57. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, and 29 as if set forth fully herein.

58. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required.

59. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

60. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

61. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, 28, and 29 as if set forth fully herein.

62. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, and 29 as if set forth fully herein.

63. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required.

64. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

65. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

66. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

67. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, and 29 as if set forth fully herein. The Debtor denies that Movant is entitled to adequate protection.

68. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. The Debtor denies that cause to grant Movant relief from the automatic stay exists.

69. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

70. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

71. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

72. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further answer, the Debtor does not know what so-called "undisputed evidence" to which Movant is referring. Specifically, there has been no proof of the value of the Property and a determination of liens on the Property, such the extent to which Movant has a secured claim, if any, has yet to be determined.

73. Denied as stated. The Debtor's Schedule A/B reflects that the Property has an estimated value of $1,500,000, but that no recent appraisal had been obtained when this case was filed. The allegations of this paragraph refer to filed proofs of claim, which are written documents, the terms of which speak for themselves.

74. Denied as stated. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answer to paragraph 73 as if set forth fully herein.

75. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

76. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required.

77. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required.

78. Admitted.

79. Denied. The allegations of this paragraph (including legal citations) constitute legal conclusions, to which no response is required. By way of further response, the Debtor has made significant strides in resolving critical confirmation issues and is in active negotiations with his secured creditors regarding an amended plan of reorganization.

80. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further answer, the Debtor does have a path to reorganize, which is actively being pursued by the Debtor.

81. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2 and 3 as if set forth fully herein.

82. Denied. The Debtor's recent monthly operating reports show that the Debtor will have sufficient income to fund a plan of reorganization.

83. Denied as stated. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, and 29 as if set forth fully herein.

84. Denied. By way of further response, the Debtor incorporates his answers to paragraphs 2, 3, 28, and 29 as if set forth fully herein.

85. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required.

86. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answer to paragraph 33 as if set forth fully herein.

87. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answer to paragraph 73 as if set forth fully herein.

88. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answer to paragraph 79 as if set forth fully herein.

89. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. By way of further response, the Debtor incorporates his answer to paragraph 33 as if set forth fully herein.

90. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required. The Debtor denies that Movant is entitled to relief from the automatic stay.

91. Denied. The allegations of this paragraph constitute legal conclusions, to which no response is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an order denying the Motion and grant such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| | SMITH KANE HOLMAN, LLC |
| Date: December 31, 2025 | By: */s/ Nicholas M. Engel* <br> Nicholas M. Engel, Esquire <br> David B. Smith, Esquire <br> 112 Moores Road, Suite 300 <br> Malvern, PA 19355 <br> Tel: (610) 407-7216 <br> Fax: (610) 407-7218 <br> nengel@skhlaw.com <br> *Counsel to the Debtor* |